1   Matthew Franklin Jaksa (CA State Bar No. 248072)
    HOLME ROBERTS & OWEN LLP
2   560 Mission Street, 25th Floor
    San Francisco, CA  94105-2994
3   Telephone:  (415) 268-2000
    Facsimile:  (415) 268-1999
4   Email:    matt.jaksa@hro.com

5
    Attorneys for Plaintiffs,
6   ARISTA RECORDS LLC; UMG
    RECORDINGS, INC.; and SONY BMG
7   MUSIC ENTERTAINMENT

8

9                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
10                  _____ DIVISION

11

12  ARISTA RECORDS LLC, a Delaware limited        CASE NO. _____
    liability company; UMG RECORDINGS, INC.,
13  a Delaware corporation; and SONY BMG
    MUSIC ENTERTAINMENT, a Delaware              **COMPLAINT FOR COPYRIGHT**
14  general partnership,                          **INFRINGEMENT**

15
                      Plaintiffs,
16
            v.
17

18  JOHN DOE,
19                    Defendant.

20

21

22

23

24

25

26

27

28

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#35721 v1

1

**JURISDICTION AND VENUE**

2       1.     This is a civil action seeking damages and injunctive relief for copyright infringement

3 under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

4       2.     This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal

5 question); and 28 U.S.C. § 1338(a) (copyright).

6       3.     Venue in this District is proper. See 28 U.S.C. §§ 1391(b), 1400(a). Although the

7 true identity of Defendant is unknown to Plaintiffs at this time, on information and belief, Defendant

8 may be found in this District and/or a substantial part of the acts of infringement complained of

9 herein occurred in this District. On information and belief, personal jurisdiction in this District is

10 proper because Defendant, without consent or permission of the copyright owner, disseminated over

11 the Internet copyrighted works owned and/or controlled by Plaintiffs. On information and belief,

12 such illegal dissemination occurred in every jurisdiction in the United States, including this one. In

13 addition, Defendant contracted with an Internet Service Provider ("ISP") found in this District to

14 provide Defendant with the access to the Internet which facilitated Defendant's infringing activities.

15

**PARTIES**

16       4.     Plaintiff Arista Records LLC is a limited liability company duly organized and

17 existing under the laws of the State of Delaware, with its principal place of business in the State of

18 New York.

19       5.     Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the

20 laws of the State of Delaware, with its principal place of business in the State of California.

21       6.     Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general

22 partnership, with its principal place of business in the State of New York.

23       7.     The true name and capacity of Defendant are unknown to Plaintiffs at this time.

24 Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to Defendant

25 by his or her ISP on the date and time of Defendant's infringing activity. See Exhibit A. Plaintiffs

26 believe that information obtained in discovery will lead to the identification of Defendant's true

27 name.

28

1

# COUNT I

## INFRINGEMENT OF COPYRIGHTS

8.    Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

9.    Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of Exhibit A.

10.    Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

11.    Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has continuously used, and continues to use, an online media distribution system to download and/or distribute to the public certain of the Copyrighted Recordings. Exhibit A identifies the IP address with the date and time of capture and a list of copyrighted recordings that Defendant has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public. Through his or her continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted Recordings, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive rights under copyright. (In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and believe Defendant has, without the permission or consent of Plaintiffs, continuously downloaded and/or distributed to the public additional sound recordings owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are ongoing. Exhibit A includes the currently-known total number of audio files being distributed by Defendant.)

2

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#35721 v1

12.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A. These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A was accessible by Defendant.

13.    Plaintiffs are informed and believe that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

14.    As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against Defendant for each infringement of each copyrighted recording. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

15.    The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering that Defendant destroy all copies of copyrighted sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.    For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings or to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

3

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#35721 v1

2.    For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3.    For Plaintiffs' costs in this action.

4.    For Plaintiffs' reasonable attorneys' fees incurred herein.

5.    For such other and further relief as the Court may deem just and proper.

Dated:    February 21, 2008                    HOLME ROBERTS & OWEN LLP

By    _____

MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
ARISTA RECORDS LLC; UMG RECORDINGS,
INC.; and SONY BMG MUSIC
ENTERTAINMENT

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#35721 v1

# EXHIBIT A

# EXHIBIT A

## JOHN DOE

**IP Address:** 169.233.42.21 2007-10-11 23:17:31 EDT        **CASE ID#** 144615981

**P2P Network:** GnutellaUS        **Total Audio Files:** 424

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Shyne | Shyne | Godfather Buried Alive | 363-006 |
| Arista Records LLC | Monica | Angel of Mine | The Boy is Mine | 263-982 |
| SONY BMG MUSIC ENTERTAINMENT | Jennifer Lopez | Waiting for Tonight | J. To Tha L-O!: The Remixes | 309-337 |
| UMG Recordings, Inc. | Keke Wyatt | Nothing In This World | Soul Sista | 303-159 |
| UMG Recordings, Inc. | Nelly Furtado | Promiscuous | Promiscuous (single) | 391-618 |
| UMG Recordings, Inc. | The All-American Rejects | It Ends Tonight | Move Along | 374-412 |
| UMG Recordings, Inc. | Musiq | Musiq Soulchild | Aijuswanaseing | 291-528 |
| Arista Records LLC | Whitney Houston | When You Believe | My Love is Your Love | 298-453 |